Elizabeth Loeb
601 D Street NW
Washington, D.C. 20004
(202) 616-8916 (phone)
(202) 616-6584 (facsimile)
Elizabeth.Loeb@usdoj.gov
Plaintiff, United States

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

_____

UNITED STATES OF AMERICA,               )
                                         )
                                         )
                    Plaintiff,           )        CIVIL ACTION NO.
                                         )
v.                                       )
                                         )
TRUDY E. TUSH,                           )        COMPLAINT
                                         )
                                         )
                    Defendant.           )
_____)

## COMPLAINT

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

## NATURE OF ACTION

1.      The United States brings this civil action for injunctive relief and civil penalties under the Safe Drinking Water Act (the "SDWA"), 42 U.S.C. § 300g-3(b), against Defendant Trudy E. Tush for violating the SDWA, 42 U.S.C. § 300g-1, and the National Primary Drinking Water Regulations promulgated thereunder at 40 C.F.R. Part 141, and for failing to comply with an EPA Administrative Order issued under the SDWA, 42 U.S.C. § 300g-3(g), at the Estell

Subdivision, Lot 2 water system in Anchorage, Alaska ("the System"). For the past decade, these ongoing violations have endangered residents to whom Defendant has supplied water.

## <u>JURISDICTION, VENUE, AND NOTICE</u>

2.      This Court has jurisdiction over the subject matter of this action pursuant to Section 1414(b) of the SDWA, 42 U.S.C. § 300g-3(b), and under 28 U.S.C. §§ 1331, 1345, 1355 and 1367(a). The Court has personal jurisdiction over the Parties.

3.      Venue is proper in this judicial District pursuant to 28 U.S.C. §§ 1391(b) and 1395 because Defendant and the System at which the violations are occurring are located within this District.

## <u>PARTIES</u>

4.      The United States Department of Justice has authority to bring this action on behalf of the Administrator of EPA ("Administrator") under 28 U.S.C. §§ 516 and 519.

5.      Plaintiff, United States of America, is acting upon a referral for formal enforcement from the State of Alaska, pursuant to the SDWA, 42 U.S.C. § 300g-3(b)(2)(B).

6.      Defendant, Trudy E. Tush ("Defendant"), is an individual who owns an apartment/residential complex located at 1117 Chugach Way, Anchorage, Alaska 99503, and who resides within the District of Alaska.

7.      Defendant is a "person" as defined in the SDWA, 42 U.S.C. § 300f (12), and its accompanying regulations. 40 C.F.R. § 141.2.

## STATUTORY AND REGULATORY BACKGROUND

**A.    The Safe Drinking Water Act and Federal and Alaska Regulatory Requirements Promulgated Thereunder**

8.    Pursuant to the SDWA, 42 U.S.C. § 300g-1, EPA has promulgated National Primary Drinking Water regulations ("SDWA Regulations") at 40 C.F.R. Part 141 to establish contaminant limitations, monitoring requirements, reporting requirements, public notification requirements, and other requirements for regulated drinking water systems.

9.    The SDWA and SDWA Regulations apply to all public water systems, unless exempted under the SDWA.  The SDWA and SDWA Regulations define the term "public water system" as "a system for the provision to the public of water for human consumption through pipes or other constructed conveyances, if such system has at least fifteen service connections or regularly serves at least twenty-five individuals."  42 U.S.C. § 300f (4); 40 C.F.R. § 141.2.

10.    Under the SDWA and SDWA Regulations, EPA may approve a State to have primary enforcement responsibility for public water systems.  42 U.S.C. § 300g-2.

11.    EPA has approved the State of Alaska, acting through the Alaska Department of Environmental Conservation ("ADEC"), to have primary enforcement responsibility for the public water systems within its borders.  43 Fed. Reg. 37,488 (Aug. 23, 1978).

12.    The State of Alaska has promulgated regulations to implement its approved program under the SDWA ("Alaska Drinking Water Regulations") which are codified at 18 AAC 80 and impose requirements on public water systems in the State of Alaska.  Public water systems in Alaska, as defined in the Alaska Drinking Water Regulations, are similar to those defined in the SDWA Regulations.  See 40 C.F.R. § 141.2; 18 AAC 80.1990 (111).

13.    The SDWA Regulations and Alaska Drinking Water Regulations impose various requirements on owners and operators of "community water systems," which are also referred to

as "suppliers of water," defined as "any person who owns or operates a public water system." 42 U.S.C. § 300f(5); 40 C.F.R. § 141.2; 18 AAC 80.010.

14.     The term "community water system" is defined as "a public water system that— (A) serves at least 15 service connections used by year-round residents of the area served by the system; or (B) regularly serves at least 25 year-round residents." 42 U.S.C. § 300f (15); 40 C.F.R. § 141.2; 18 AAC 80.1990 (21).

15.     The SDWA Regulations and Alaska Drinking Water Regulations establish a maximum contaminant level ("MCL") for each contaminant required to be monitored.  At all times relevant herein, the MCL for arsenic under both sets of regulations is 10 micrograms/liter (μ/L) or .010 milligrams/liter (mg/L).  40 C.F.R. § 141.62(b); 18 AAC 80.010(a)(10)(B) (incorporating by reference 40 C.F.R. § 141.62(b)).

16.     Both the SDWA and the Alaska Drinking Water Regulations provide that "[s]ystems [are] out of compliance with the maximum contaminant levels for . . . arsenic . . . if the level of a contaminant is greater than the MCL."  40 C.F.R. § 141.23(i)(2); 18 AAC 80.010(a)(6)(C) (incorporating 40 C.F.R. § 141.23 by reference).

17.     Subject to limited variances or exemptions not relevant to this Complaint, the Alaska Drinking Water Regulations further provide that an owner or operator of a public water system "may not cause or allow the use of water from that system for human consumption if the water contains . . . a contaminant in a concentration that exceeds a primary maximum contaminant level."  18 AAC 80.300(a).  For inorganic contaminants, the primary MCLs are the same as the MCLs set forth in 40 C.F.R. § 141.62(b) and 18 AAC 80.010(a)(10)(B), which for arsenic is 10 μ /L or .010 mg/L.

18.     Under the SDWA and Alaska Drinking Water Regulations, owners and operators of community water systems must conduct monitoring of the water provided by their systems for various contaminants at various intervals.  The monitoring requirements relevant to this Complaint include:

a.     Monitoring for various inorganic contaminants including nitrates on an annual basis and arsenic once per three-year compliance period.  40 C.F.R. §§ 141.2, 141.23(d)(1) & (c)(1); 18 AAC 80.010(a)(6)(C) (incorporating 40 C.F.R. § 141.23 by reference).  Quarterly monitoring requirements are triggered for arsenic when any monitoring sample result exceeds the arsenic MCL.  40 C.F.R. § 141.23(c)(7); 18 AAC 80.010(a)(6)(C) (incorporating by reference 40 C.F.R. § 141.23).

b.     Monitoring for synthetic organic chemicals ("SOCs") during four consecutive quarters per three-year compliance period.  40 C.F.R. § 141.24(h)(4); 18 AAC 80.010(a)(6)(D) (incorporating 40 C.F.R. § 141.24 by reference); 18 AAC 80.320.

c.     Monitoring for fecal coliform on a monthly basis for systems that serve less than 1000 people.  40 C.F.R. § 141.21(a)(1) & (2); 18 AAC 80.010 (a)(6)(A) (incorporating 40 C.F.R. § 141.21 by reference); 18 AAC 80.405 (a)(2)(C).

d.     Monitoring for Volatile Organic Compounds ("VOCs") every three years.  40 C.F.R. § 141.24(f)(6); 18 AAC 80.010(a)(6)(D) (incorporating by reference 40 C.F.R. § 141.24(f)); and

e.     Monitoring taps for lead and copper once every three years after three consecutive years demonstrating compliance.  40 C.F.R. § 141.86(d)(4)(iii); 18 AAC 80.010(a)(12)(G) (incorporating by reference 40 C.F.R. § 141.86).

19.     The SDWA Regulations and Alaska Drinking Water Regulations require owners or operators of community water systems to provide notice to consumers of violations of requirements in applicable SDWA Regulations and Alaska Drinking Water Regulations, including exceedance of an MCL, failure to monitor contaminants, and treatment requirements. 40 C.F.R. §§ 141.201(a) – 204; 18 AAC 80.010(a)(16) (incorporating by reference 40 C.F.R. §§ 141.201–211); 18 AAC 80.1000. Public notice requirements are divided into three tiers, to account for the seriousness of the violation and for any potential adverse health effects that may be involved. Id. at 141.201(b).

20.     Tier 2 public notice is required for owners and operators of public water systems that violate arsenic MCLs. Tier 2 public notice must be given as soon as practical, but no later than 30 days after the system learns of the violation. The public water system must repeat the notice every three months as long as the violation or situation persists. 40 C.F.R. § 141.203; 18 AAC 80.010(a)(16).

21.     Tier 3 public notice is required for owners and operators of public water systems for monitoring violations where the primacy agency has not determined that a Tier 2 notice is required. Public water systems must provide the public notice not later than one year after the public water system learns of the violation or situation, and following initial notice, the public water system must repeat the notice annually for as long as the violation persists. 40 C.F.R. § 141.204; 18 AAC 80.010(a)(16).

22.     The SDWA Regulations and Alaska Drinking Water Regulations require owners and operators of community water systems to provide annual notifications to consumers, known as consumer confidence reports ("CCRs"), that provide required information concerning the water delivered including information on the source of the water and information on detected

contaminants. 40 C.F.R. § 141.153; 18 AAC 80.010(a)(14)(A)–(C) (incorporating by reference 40 C.F.R. § 141.151-153); 18 AAC 1040.

23. The Alaska Drinking Water Regulations require the owners and operators of a community water system to conduct a sanitary survey every three years that evaluates the source of water supply, pumps and pumping facilities, treatment, distribution systems, laboratory facilities, and management and operator qualifications in compliance with relevant policies and guidances. 18 AAC 80.430; 18 AAC 80.1990(128)(A).

**B. SDWA and Alaska Statutory Enforcement Provisions**

24. The SDWA authorizes the Administrator to commence a civil action seeking to require compliance with any applicable requirement. 42 U.S.C. § 300g-3(b)(2)(B).

25. The SDWA authorizes the Administrator to issue an order to require compliance with any applicable requirement in any case in which the Administrator is authorized to bring a civil action. 42 U.S.C. § 300g-3(g)(1).

26. The State of Alaska has primary enforcement responsibility under the SDWA, pursuant to 40 C.F.R. § 142, Subpart B. Pursuant to 18 AAC 80.1200, ADEC "may assess a penalty against an entity that violates or causes or permits to be violated a term or condition of this chapter [18 AAC 80], or a term or condition of an order…issued under this chapter." Before assessing an administrative penalty, ADEC must provide the entity with a notice of violation ("NOV"). 18 AAC 80.1210.

27. In states with primary enforcement responsibility (primacy states), the United States may bring a civil action "to require compliance with any applicable requirement," and "with an order issued under subsection (g) of this section," if "requested by the agency of such

State which has jurisdiction over compliance with public water systems in the State with national primary drinking water regulations or State drinking water regulations." 42 U.S.C. § 300g-3.

28.     The SDWA defines "applicable requirement" as (1) a requirement laid out in the statute itself; (2) a regulation promulgated pursuant to the SDWA (the SDWA Regulations); (3) a schedule or requirement imposed pursuant to the SDWA; or (4) a requirement of a State program in a SDWA primacy state. 42 U.S.C. § 300g-3(i).

29.     The SDWA, 42 U.S.C. § 300g-3(b), authorizes the United States to seek civil penalties against any person who violates any SDWA Regulation and/or Alaska Drinking Water Regulations, or who violates an order issued by EPA under the SDWA, 42 U.S.C. § 300g-3(g)(1), of up to $37,500 per day of violation for each violation occurring after January 12, 2009, through November 2, 2015, and up to $55,907 per day of violation for each violation occurring after November 2, 2015. *See* 42 U.S.C. §§ 300g-3(b), 3(g)(3)(A), as modified by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. § 2461 , as amended by the Debt Collection Improvement Act of 1996 (31 U.S.C. § 3701); 61 Fed. Reg. 69,360 (Dec. 31, 1996); 69 Fed. Reg. 7121 (Feb. 13, 2004); and 73 Fed. Reg. 75,340–46 (Dec. 11, 2008), codified at 40 C.F.R. Part 19.4.

## GENERAL ALLEGATIONS

30.     Starting on or before 2002 and continuing to the present, Defendant has owned and/or operated the System, which is a groundwater well located at 1117 Chugach Way, Anchorage, Alaska 99503, and operates under ADEC public water system identification number AK22126902.

31.     At all times relevant to this Complaint, the System has provided drinking water to approximately 40 year-round residents of a multiple-building apartment complex located at the same address as the System.

32.     At all times relevant to this Complaint, the System has been a "public water system" and a "community water system" as defined in the SDWA and applicable SDWA Regulations, 42 U.S.C. § 300f(4) and (16), and 40 C.F.R. § 141.2; 18 AAC 80.1990 (21).

33.     As the owner and/or operator of the System, Defendant is a "supplier of water" as defined in the SDWA, 42 U.S.C. § 300f(12), and 40 C.F.R. § 141.2; 18 AAC 80.010 (incorporating by reference federal SDWA regulatory definition of "supplier of water").

34.     At all times relevant to this Complaint, Defendant, as a supplier of water and the owner and operator of a public water system and a community water system, has been subject to the requirements set forth in the SDWA, 42 U.S.C. § 300g *et seq*., the SDWA Regulations promulgated thereunder at 40 C.F.R. Part 141 and, because Alaska is a SDWA primacy state, the Alaska Drinking Water Regulations.  40 C.F.R. § 141.1; 18 AAC 80.005(b).

35.     During the time period relevant to this Complaint, Defendant sampled the System's drinking water for arsenic concentrations on the following dates, with the accompanying results:

        a.      On December 30, 2009, 16 μg/L or .016 mg/L;

        b.      On September 20, 2012, 15.7 μg/L or .0157 mg/L; and

        c.      On February 27, 2014, 14.8 μg/L or .0148 mg/L.

36.     During the time period relevant to this Complaint, Defendant sampled for nitrates one time, on February 27, 2014.

37.     During the time period relevant to this Complaint, Defendant last sampled for SOCs on August 7, 2003.

38.     During the time period relevant to this Complaint, Defendant sampled for coliform bacteria in January through March 2015; January, February, June, July, August, November, and December 2014; and February 2013.

39.     During the time period relevant to this Complaint, Defendant last sampled for VOCs on October 3, 2012.

40.     During the time period relevant to this Complaint, Defendant last sampled for lead and copper on January 31, 2014.

41.     During the time period relevant to this Complaint, Defendant last conducted a sanitary survey on May 12, 2009.

42.     On August 9, 2017, in anticipation of this litigation and following a protracted period during which Defendant did not sample the System's drinking water for arsenic or other contaminants, EPA performed limited sampling at the System after providing notice to, and obtaining the consent of, Defendant and Defendant's appointed on-site representatives.

43.     EPA collected water samples from a spigot near the System's wellhead ("Wellhead"); from the faucet in an apartment abutting the unit containing the System's wellhead ("Apartment 1"); and from the faucet in an apartment located in a nearby building served by the System ("Apartment 2").

44.     EPA's Region 10 Laboratory, located in Port Orchard, Washington, tested the samples taken on August 9, 2017, for concentrations of arsenic, with the following results:

        a.      Samples from the Wellhead contained arsenic concentrations of 16.5 µg/L or .0165 mg/L, and 16.6 µg/L or .0166 mg/L;

        b.      Samples from Apartment 1 contained arsenic concentrations of 16.4 µg/L or .0164 mg/L, and 16.3 µg/L or .0163 mg/L;

       c.      Samples from Apartment 2 contained arsenic concentrations of 16.4 µg/L or .0164 mg/L.

45.     ADEC's Alaska State Environmental Health Laboratory, located in Anchorage, Alaska, tested the samples taken on August 9, 2017, for concentrations of total coliform and ecoli. Tests resulted in an absence of both analytes.

46.     Pursuant to 18 AAC 80.1210, in April 2009, ADEC issued a Notice of Violation ("NOV") to Defendant, citing violations at the System for failing to submit Consumer Confidence Reports ("CCRs") for 2005, 2006, and 2007, as required by 18 AAC 80.1040.

47.     In September 2009, pursuant to 18 AAC 80.1200, ADEC assessed an administrative penalty against Defendant for the violations outlined in the April 2009 NOV. Defendant thereafter failed to return to compliance with the applicable requirements.

48.     On August 24, 2011, ADEC issued a second NOV to Defendant, citing violations at the System including failure to apply for an arsenic exemption following an arsenic MCL exceedance; failure to send Tier 2 Public Notice to all customers; failure to submit sample results for VOCs; failure to collect and submit monthly coliform bacteria samples; and failure to submit CCRs, as required by the Alaska Drinking Water Regulations, 18 AAC 80.

49.     On April 6, 2012, ADEC assessed a second administrative penalty against Defendant for the violations outlined in the August 24, 2011 NOV and for Defendant's failure to meet the applicable deadlines listed therein.

50.     On April 19, 2014, ADEC requested that EPA initiate enforcement proceedings against Defendant for violations of the SDWA, the SDWA Regulations, and the Alaska Drinking Water Regulations. In the request, ADEC described Defendant as "uncooperative and nonresponsive."

51. Following the ADEC request for EPA enforcement described in the foregoing Paragraph, EPA attempted, without success, to contact Defendant by telephone and email.

52. On August 5, 2014, EPA issued an Administrative Order citing a number of violations of the SDWA Regulations, including failures to:

    a.    Submit CCRs from 2009 through 2013;

    b.    Monitor total coliform bacteria during March, April, and May of 2014;

    c.    Monitor for arsenic in 2013;

    d.    Comply with the arsenic MCL since the December 31, 2009 compliance period; and

    e.    Provide public notice of the arsenic MCL violations and monitoring requirements.

53. The Administrative Order described in the foregoing Paragraph required Defendant to:

    a.    Complete and distribute CCRs for 2009 to 2013;

    b.    Monitor for total coliform bacteria monthly;

    c.    Provide EPA and ADEC with a compliance plan and schedule for returning to compliance with the arsenic MCL by July 31, 2016; and

    d.    Issue public notice to customers detailing the above violations and certifying to EPA and ADEC that it had done so.

54. Defendant did not comply with the EPA Administrative Order described in the foregoing Paragraphs. EPA attempted to notify Defendant of her noncompliance by telephone, voicemail, and email, but Defendant failed to respond.

55. On January 20, 2015, EPA issued an Administrative Complaint against Defendant. The Administrative Complaint charged Defendant with violating the requirements of the Administrative Order and proposed a civil administrative penalty of $34,400.

56.     After repeated attempts at service, EPA served the Administrative Complaint on Defendant through a service process company on May 1, 2015.  Defendant did not thereafter file an answer or otherwise respond to the Administrative Complaint.

57.     On December 19, 2016, EPA filed a Motion for Default before the Presiding Officer, called the Regional Judicial Officer.  Defendant did not thereafter respond to the Motion for Default.

58.     On March 2, 2017, the Regional Judicial Officer issued an Order to Show Cause directing Defendant to submit an answer to the Administrative Complaint within 30 days of that Order.  Defendant did not thereafter submit an answer.  No judgment has been issued and none is expected to be forthcoming pending the resolution of the instant action.

## FIRST CLAIM FOR RELIEF

### (Failure to Comply with Maximum Contaminant Level, Arsenic)

59.     Paragraphs 1 through 58 are re-alleged and incorporated herein.

60.     At all times relevant to this Complaint, the Alaska Drinking Water Regulations require that an owner and/or operator may not cause or allow the use of water for human consumption if the water contains a contaminant in a concentration that exceeds a primary MCL. 18 AAC 80.300(a).

61.     At all times relevant to this Complaint, the MCL for arsenic has been above .010 mg/L.  40 C.F.R. § 141.62(b); 18 AAC 80.010(a)(10)(B).

62.     From at least December 30, 2009, until at least August 9, 2017, Defendant supplied water to the System's users that exceeded the MCL for arsenic in violation of 40 C.F.R. § 141.62(b) and 18 AAC 80.010(a)(10)(B).

63.     Pursuant to the SDWA, 42 U.S.C. § 300g-3(b), as modified, Defendant is liable to the United States for injunctive relief and civil penalties for the violations set forth in Paragraphs 60 - 62 above, occurring on or after five years prior to the date of filing, in an amount up to $37,500 per day of violation for each violation occurring after January 12, 2009, through November 2, 2015, and civil penalties of up to $55,907 per day of violation for each violation occurring after November 2, 2015.

## SECOND CLAIM FOR RELIEF

### (Failure to Monitor, Arsenic)

64.     Paragraphs 1 through 58 are re-alleged and incorporated herein.

65.     From at least December 30, 2009, when sampling of the System's water detected arsenic above the MCL, through the present, SDWA Regulations and Alaska Drinking Water Regulations have required Defendant to monitor the System for arsenic on a quarterly basis. 40 C.F.R. § 141.23(c)(7); 18 AAC 80.010(a)(6)(C).

66.     From December 30, 2009, to the present, Defendant failed to monitor the System for arsenic in every quarter except the quarter containing September 20, 2012, and the quarter containing February 27, 2014, in violation of 40 C.F.R. § 141.23(c)(7) and 18 AAC 80.010(a)(6)(C).

67.     Pursuant to the SDWA, 42 U.S.C. § 300g-3(b), as modified, Defendant is liable to the United States for injunctive relief and civil penalties for the violations set forth in Paragraphs 65 - 66 above, occurring on or after five years prior to the date of filing, in an amount up to $37,500 per day of violation for each violation occurring after January 12, 2009, through

November 2, 2015, and civil penalties of up to $55,907 per day of violation for each violation occurring after November 2, 2015.

## THIRD CLAIM FOR RELIEF

### (Failure to Monitor, Nitrates)

68.    Paragraphs 1 through 58 are re-alleged and incorporated herein.

69.    At all times relevant to this Complaint, the SWDA Regulations and the Alaska Drinking Water Regulations required Defendant to monitor the System for nitrates on an annual basis. 40 C.F.R. § 141.23(d)(1); 18 AAC 80.010(a)(6)(C).

70.    In at least 2013, 2015, 2016, and 2017, Defendant failed to monitor the System for nitrates in violation of 40 C.F.R. § 141.23(d)(1) and 18 AAC 80.010(a)(6)(C).

71.    Pursuant to the SDWA, 42 U.S.C. § 300g-3(b), as modified, Defendant is liable to the United States for injunctive relief and civil penalties for the violations set forth in Paragraphs 69 - 70 above, in an amount up to $37,500 per day of violation for each violation occurring after January 12, 2009, through November 2, 2015, and civil penalties of up to $55,907 per day of violation for each violation occurring after November 2, 2015.

## FOURTH CLAIM FOR RELIEF

### (Failure to Monitor, Coliform)

72.    Paragraphs 1 through 58 are re-alleged and incorporated herein.

73.    At all times relevant to this Complaint, the SDWA Regulations and Alaska Drinking Water Regulations required Defendant to monitor the System for coliform bacteria on a monthly basis. 40 C.F.R. § 141.21(a)(1) & (2); 18 AAC 80.405 (a)(2)(C).

74.     In 49 of the past 60 months, Defendant failed to monitor the System for coliform bacteria in violation of 40 C.F.R. § 141.21(a)(1) & (2) and 18 AAC 80.405 (a)(2)(C).

75.     Pursuant to the SDWA, 42 U.S.C. § 300g-3(b), as modified, Defendant is liable to the United States for injunctive relief and civil penalties for the violations set forth in Paragraphs 73 - 74 above, in an amount up to $37,500 per day of violation for each violation occurring after January 12, 2009, through November 2, 2015, and civil penalties of up to $55,907 per day of violation for each violation occurring after November 2, 2015.

## FIFTH CLAIM FOR RELIEF

### (Failure to Monitor, Volatile Organic Compounds)

76.     Paragraphs 1 through 58 are re-alleged and incorporated herein.

77.     At all times relevant to this Complaint, the SWDA Regulations and Alaska Drinking Water Regulations required Defendant to monitor the System for a range of VOCs every three years.  40 C.F.R. § 141.24(f)(6); 18 AAC 80.010(a)(6)(D).

78.     Since at least October 3, 2012, Defendant has not monitored the System for VOCs annually in violation of 40 C.F.R. § 141.24(f)(6) and 18 AAC 80.010(a)(6)(D).

79.     Pursuant to the SDWA, 42 U.S.C. § 300g-3(b), as modified, Defendant is liable to the United States for injunctive relief and civil penalties for the violations set forth in Paragraphs 77 - 78 above, occurring on or after five years prior to the date of filing, in an amount up to $37,500 per day of violation for each violation occurring after January 12, 2009, through November 2, 2015, and civil penalties of up to $55,907 per day of violation for each violation occurring after November 2, 2015.

## SIXTH CLAIM FOR RELIEF

### (Failure to Monitor, Synthetic Organic Compounds)

80.     Paragraphs 1 through 58 are re-alleged and incorporated herein.

81.     At all times relevant to this Complaint, the SDWA Regulations and Alaska Drinking Water Regulations required Defendant to monitor the System for a range of SOCs on a quarterly basis.  40 C.F.R. § 141.24(h)(4); 18 AAC 80.010(a)(6)(D).

82.     Since at least August 7, 2003, Defendant has not monitored the System for SOCs on a quarterly basis in violation of 40 C.F.R. § 141.24(h)(4) and 18 AAC 80.010(a)(6)(D).

83.     Pursuant to the SDWA, 42 U.S.C. § 300g-3(b), as modified, Defendant is liable to the United States for injunctive relief and civil penalties for the violations set forth in Paragraphs 81 - 82 above, occurring on or after five years prior to the date of filing, in an amount up to $37,500 per day of violation for each violation occurring after January 12, 2009, through November 2, 2015, and civil penalties of up to $55,907 per day of violation for each violation occurring after November 2, 2015.

## SEVENTH CLAIM FOR RELIEF

### (Failure to Monitor, Lead and Copper)

84.     Paragraphs 1 through 58 are re-alleged and incorporated herein.

85.     At all times relevant to this Complaint, the SDWA Regulations and Alaska Drinking Water Regulations required Defendant to monitor the System for lead and copper every three years.  40 C.F.R. § 141.86(d)(4)(iii); 18 AAC 80.010(a)(12)(G).

86.     Since at least January 31, 2014, Defendant has not monitored the System for lead and copper every three years in violation of 40 C.F.R. § 141.86(d)(4)(iii) and 18 AAC 80.010(a)(12)(G).

87.     Pursuant to the SDWA, 42 U.S.C. § 300g-3(b), as modified, Defendant is liable to the United States for injunctive relief and civil penalties for the violations set forth in Paragraphs 85 - 86 above, in an amount up to $37,500 per day of violation for each violation occurring after January 12, 2009, through November 2, 2015, and civil penalties of up to $55,907 per day of violation for each violation occurring after November 2, 2015.

## EIGHTH CLAIM FOR RELIEF

### (Failure to Conduct and Submit a Sanitary Survey)

88.     Paragraphs 1 through 58 are re-alleged and incorporated herein.

89.     At all times relevant to this Complaint, the Alaska Drinking Water Regulations required Defendant to conduct and submit to ADEC a sanitary survey of the System once every three years.  18 AAC 80.430; 18 AAC 80.1990(128)(A).

90.     Beginning on or before May 12, 2009, Defendant did not conduct, or cause to be conducted, a sanitary survey of the System every three years in violation of 18 AAC 80.430 and 18 AAC 80.1990(128)(A).

91.     Pursuant to the SDWA, 42 U.S.C. § 300g-3(b), as modified, Defendant is liable to the United States for injunctive relief and civil penalties for the violations set forth in Paragraphs 89 and 90 above, occurring on or after five years prior to the date of filing, in an amount up to $37,500 per day of violation for each violation occurring after January 12, 2009, through

November 2, 2015, and civil penalties of up to $55,907 per day of violation for each violation occurring after November 2, 2015.

## NINTH CLAIM FOR RELIEF

### (Failure to Submit Consumer Confidence Reports)

92.     Paragraphs 1 through 58 are re-alleged and incorporated herein.

93.     At all times relevant to this Complaint, the SDWA Regulations and Alaska Drinking Water Regulations required Defendant to issue annual CCRs to persons served by the System.  40 C.F.R. § 141.153; 18 AAC 80.010(a)(14)(A)–(C).

94.     In at least 2013, 2014, 2015, 2016, and 2017 Defendant failed to issue annual CCRs in violation of 40 C.F.R. § 141.153 and 18 AAC 80.010(a)(14)(A)–(C).

95.     Pursuant to the SDWA, 42 U.S.C. § 300g-3(b), as modified, Defendant is liable to the United States for injunctive relief and civil penalties for the violations set forth in Paragraphs 93 - 94 above, in an amount up to $37,500 per day of violation for each violation occurring after January 12, 2009, through November 2, 2015, and civil penalties of up to $55,907 per day of violation for each violation occurring after November 2, 2015.

## TENTH CLAIM FOR RELIEF

### (Failure to Issue Required Public Notice)

96.     Paragraphs 1 through 58 are re-alleged and incorporated herein.

97.     At all times relevant to this Complaint, the SDWA Regulations and Alaska Drinking Water Regulations required Defendant to issue Tier 2 public notice for arsenic MCL violations, and Tier 3 public notice for all other monitoring violations at the System.  40 C.F.R. §§ 141.203 and 141.204.

98.     At all times relevant to this Complaint, Defendant did not issue public notice of any of the System's above-stated violations of applicable requirements (Paragraphs 35 – 40 above) in violation of 40 C.F.R. §§ 141.201(a) – 204; 18 AAC 80.010(a)(16).

99.     Pursuant to the SDWA, 42 U.S.C. § 300g-3(b), as modified, Defendant is liable to the United States for injunctive relief and civil penalties for the violations set forth in Paragraphs 97 - 98 above, occurring on or after five years prior to the date of filing, in an amount up to $37,500 per day of violation for each violation occurring after January 12, 2009, through November 2, 2015, and civil penalties of up to $55,907 per day of violation for each violation occurring after November 2, 2015.

## ELEVENTH CLAIM FOR RELIEF

### (Failure to Comply with EPA Administrative Order)

100.    Paragraphs 1 through 58 are re-alleged and incorporated herein.

101.    The SDWA allows the EPA to issue an Administrative Order to require compliance with applicable requirements in any case in which the EPA is authorized to bring a civil action under 42 U.S.C. § 300g-3.  42 U.S.C. § 300g-3(g).

102.    As set forth in Paragraphs 52-53 above, the EPA issued an Administrative Order on August 5, 2014, requiring compliance with the applicable requirements.

103.    At all times after August 5, 2014, Defendant failed to comply with the Administrative Order, in violation of 42 U.S.C. § 300g-3(g)(3)(A).

104.    Pursuant to the SDWA, 42 U.S.C. § 300g-3(g)(3)(A), as modified, Defendant is liable to the United States for injunctive relief and civil penalties for the violations set forth in Paragraphs 101 - 103 above, occurring on or after five years prior to the date of filing, in an amount up to $37,500 per day of violation for each violation occurring after January 12, 2009,

through November 2, 2015, and civil penalties of up to $37,500 per day of violation for each

violation occurring after November 2, 2015.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court:

     a.    Pursuant to Section 1414(b) of the SDWA, 42 U.S.C. § 300g-3(b), require

Defendant to undertake all necessary actions to comply with the requirements of the SDWA,

federal SDWA regulations, Alaska Statutes Title 46 and Alaska Drinking Water Regulations;

     b.    Pursuant to Section 1414(b) of the SDWA, 42 U.S.C. § 300g-3(b) and

Section 1414(g)(3) of the SDWA, 42 U.S.C. § 300g-3(g)(3), assess appropriate civil penalties

against Defendant, up to the statutory maximum per day per violation amounts as set forth

above; and

     c.    Award such other and further relief as the Court may deem just, proper,

and protective of public health.

FOR THE UNITED STATES OF AMERICA:

 

           /s/
JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

           /s/
ELIZABETH LOEB
Senior Attorney
JOHN BRODERICK
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044
(202) 616-8916 (phone)

Complaint United States. v. Trudy Tush   Page 21

(202) 616-6584 (fax)
Elizabeth.Loeb@usdoj.gov

BRYAN SCHRODER
United States of America
United States Attorney

RICHARD POMEROY
Assistant United States Attorney
222 West 7th Avenue
Anchorage, AK 99513


<u>OF COUNSEL:</u>

WILLIAM M. MCLAREN
Assistant Regional Counsel
Office of Regional Counsel
United States Environmental Protection Agency, Region 10
1200 Sixth Avenue, Suite 900, ORC-113
Seattle, Washington  98101-3140
(206) 553-1037
McLaren.William@epa.gov